UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAY SRINIVASAN,
Plaintiff,

v.   Civil Action No. 05cv10900 GAO

SIEMENS BUSINESS SERVICES, INC.,
Defendant.

**COMPLAINT AND JURY CLAIM**

**Nature of Action**

1. This civil action, as hereinafter is more fully set forth, is instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and Massachusetts statutory and common law to recover damages caused by Defendant to Plaintiff.

**Jurisdiction**

2. Counts One and Two of this action are brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, a federal statute enacted pursuant to Article I, Section 8, Clause 3 of the Constitution of the United States of America.

3. Counts Three and Four of this action are brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, a federal statute enacted pursuant to Article I, Section 8, Clause 3 of the Constitution of the United States of America.

4. The District Court has original jurisdiction of Counts One and Two pursuant to 42 U.S.C. § 2000e-5(f)(1) as well as 28 U.S.C. § 1331, and the pendent state law claims made in Counts Five through Ten may be heard pursuant to 28 U.S.C. § 1367(a).

5. The District Court has original jurisdiction of Counts Three and Four pursuant to 29 U.S.C. § 626(c)(1) as well as 28 U.S.C. § 1331, and the pendent state law claims made in Counts Five through Ten may be heard pursuant to 28 U.S.C. § 1367(a).

6. The matter in controversy in this action exceeds the sum or value of $75,000 (seventy-five thousand dollars), exclusive of interest and costs.

7. Plaintiff in this action is a citizen of the Commonwealth of Massachusetts.

8. Defendant in this action is a citizen of both the State of Delaware and the State of New York, as defined by 28 U.S.C. § 1332(c)(1).

9. The District Court has original jurisdiction to hear this action pursuant to 28 U.S.C. § 1332(a).

## Venue

10. Venue is proper in the District of Massachusetts pursuant to 42 U.S.C. § 2000e-5(f)(3), as the District of Massachusetts is the judicial district in which the unlawful employment practice is alleged to have been committed and in which Plaintiff would have worked but for the alleged unlawful employment practice.

11. Venue is also proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Massachusetts.

## Parties

12. Plaintiff Jay Srinivasan lives and resides at 5 Fox Run Road, Medway, Norfolk County, Massachusetts, is of East Indian descent, and is fifty-five years of

age. In 1981, he emigrated to the United States of America from Madras, India and became an American citizen in 1990.

13. Defendant Siemens Business Services, Inc. is a Delaware corporation with a customary principal place of business at 6 International Drive, Rye Brook, Westchester County, New York and a registered agent for service of process at Corporation Service Company, 84 State Street, Boston, Suffolk County, Massachusetts.

**Factual Allegations**

14. On May 17, 2004, Defendant hired Plaintiff as a Project Manager.

15. Plaintiff was hired to work for Defendant by John Gerah of Belmont, Massachusetts.

16. Plaintiff's immediate superior in Defendant's employ was Steven Bogart of Cleveland, Ohio.

17. Steven Bogart's immediate superior in Defendant's employ was Shawn O'Grady of Colorado.

18. During the course of Plaintiff's employment, Defendant selected Plaintiff as one of the top two of five hundred applicants for the senior position of Director of Corporate Strategy.

19. From Plaintiff's date of hire through October 15, 2004, Plaintiff headed a project for Enterasys, where William O'Connell was his primary contact.

20. Plaintiff's job performance in the Enterasys project was exemplary.

21. From October 12, 2004 through November 29, 2004, Plaintiff headed a project for 3COM, where Jorge Tobargo was his primary contact.

22. Plaintiff's job performance in the 3COM project was exemplary.

32. There are virtually no persons of Indian national origin or race and virtually no persons of any protected minority class in management positions in the employ of Defendant.

33. Defendant discharged Plaintiff and otherwise discriminated against Plaintiff with respect to his compensation, terms, conditions and privileges of employment because of Plaintiff's race, color and national origin, in violation of 42 U.S.C. § 2000e-2(a)(1).

34. The Equal Employment Opportunity Commission has granted Plaintiff's request to file a private lawsuit under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e, *et seq*. See Exhibit A, EEOC Notice of Right to Sue.

35. Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, Plaintiff is entitled to injunctive relief against Defendant, lost wages and benefits, future pecuniary losses, emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, attorneys' fees, costs, interest and whatever other relief the Court deems appropriate.

## COUNT II
### (Punitive Damages)

36. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 35 hereof.

37. Defendant has five hundred or more employees.

38. Defendant engaged in discriminatory practices with malice or reckless indifference to the federally protected rights of Plaintiff.

39. Pursuant to 42 U.S.C. § 1981a(b), Plaintiff is entitled to recover the greater of three hundred thousand dollars or additional amounts equal to the recovery sought in paragraph 35 of this Complaint.

## COUNT III
### (Violation of 29 U.S.C. § 623(a)(1))

40. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 39 hereof.

41. Defendant is a private employer of twenty or more persons.

42. At all times relevant and material, Plaintiff met and exceeded Defendant's legitimate job performance expectations.

43. Defendant discriminated against Plaintiff with respect to his compensation, terms, conditions and privileges of employment when Defendant discharged Plaintiff from employment due to Plaintiff's age.

44. Defendant's discharge of Plaintiff from employment due to Plaintiff's age was not based upon a bona fide occupational qualification.

45. Defendant's method of discharging Plaintiff from employment as part of a single employee "layoff" was a pretext for age discrimination.

46. Defendant's conduct in this regard constitutes a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1).

47. The Equal Employment Opportunity Commission has granted Plaintiff's request to file a private lawsuit under the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1). See Exhibit A, EEOC Notice of Right to Sue.

48. Pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., Plaintiff is entitled to injunctive relief against Defendant, lost wages and benefits, front pay and future pension benefits, interest, attorneys' fees and costs.

23. Plaintiff started a three week vacation on November 29, 2004.

24. On November 30, 2004, the very next day, Steven Bogart called Plaintiff and informed him that he had been "laid off" effective December 1, 2004 at the direction of Shawn O'Grady because there was not enough work to go around.

25. This was a ruse and a fabrication.

26. Defendant has provided no other reason for Plaintiff's discharge, and Plaintiff was told that it was neither job related nor performance related.

27. Plaintiff's utilization level at the time of the layoff was nearly one hundred percent, while several other project managers in Plaintiff's group were idle or had lower utilization.

28. Plaintiff was the only person in Defendant's employ discharged as a result of the "layoff".

29. Within a few hours of receiving notice of the "layoff," Plaintiff heard from John Kelley, another Project Manager, who wanted Plaintiff to move to another project at Citizens Bank in Rhode Island, but Mr. O'Grady prevented the transfer, still on the grounds that Plaintiff was to be "laid off" for lack of available work to go around.

## COUNT I
### (Violation of Title VII of the Civil Rights Act)

30. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 29 hereof.

31. Defendant is a private employer of fifteen or more persons.

4

## COUNT IV
### (Liquidated Damages)

49. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 48 hereof.

50. Defendant knew or showed reckless disregard for the matter of whether its conduct in discharging Plaintiff from employment was a violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, such that Defendant's conduct in this regard was willful.

51. Defendant's willful violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, entitles Plaintiff to punitive damages in the amount of Plaintiff's monetary damages, pursuant to 29 U.S.C. §§ 216(b) and 626(b).

## COUNT V
### (Violation of G.L. c. 151B, § 4)

52. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 51 hereof.

53. Defendant is an employer in the private sector with six or more employees.

54. Defendant or its agents discharged Plaintiff from employment because of Plaintiff's race, color, religious creed, national origin and age.

55. Defendant's discharge of Plaintiff from employment due to Plaintiff's race, color, religious creed, national origin and age was not based upon a bona fide occupational qualification.

56. Defendant's method of discharging Plaintiff from employment as part of a single employee "layoff" was a pretext for unlawful discrimination.

57. Defendant's conduct in this regard constitutes violations of G.L. c. 151B, § 4(1) and (1B).

58. The Massachusetts Commission Against Discrimination has dismissed charges filed therewith by Plaintiff at his request so that he may pursue a civil action for violations of G.L. c. 151B § 4. *See Exhibit B, MCAD Dismissal and Notification of Rights.*

59. Pursuant to G.L. c. 151B, § 1, *et seq.*, Plaintiff is entitled to injunctive relief against Defendant, lost wages and benefits, front pay and future pension benefits, damages for emotional distress, interest, attorneys' fees and costs.

## COUNT VI
### (Multiple Damages)

60. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 59 hereof.

61. Defendant's discharged Plaintiff from employment with knowledge or reason to know that such conduct violated the provisions of G.L. c. 151B, § 4(1) and (1B).

62. Defendant's willful violations of G.L. c. 151B, § 4(1) and (1B) entitles Plaintiff to treble damages, pursuant to G.L. c. 151B, § 9.

## COUNT VII
### (Breach of Contract)

63. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 62 hereof.

64. Plaintiff accepted an offer of employment by Defendant, and that acceptance was supported by adequate consideration.

65. Defendant's discharge of Plaintiff constituted a breach of contract, the terms of which are implied from Defendant's Employee Handbook, Defendant's Variable Compensation Plan and Defendant's conduct.

66. Defendant's breach of contract entitles Plaintiff to all actual and consequential damages arising from the said breach of contract.

## COUNT VIII
### (Wrongful Termination in Violation of Public Policy)

67. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 66 hereof.

68. Defendant attempted to defraud its client during the course of the 3COM project.

69. Plaintiff refused to participate in the lie and wrote a letter to his superiors regarding the same.

70. Twelve days later, Defendant discharged Plaintiff.

71. Plaintiff was discharged for asserting a legally guaranteed right, for doing what the law requires and refusing to do what the law forbids.

72. Defendant's wrongful discharge of Plaintiff in violation of public policy entitles Plaintiff to all actual and consequential damages arising therefrom.

## COUNT IX
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

73. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 72 hereof.

74. Plaintiff is due one hundred hours of vacation pay, variable compensation for having a utilization level above seventy percent and three weeks severance pay, all in the amount of approximately $15,000 (fifteen thousand dollars).

75. Defendant has refused to provide any of the said compensation due to Plaintiff.

76. Defendant's conduct in this regard constitutes a breach of the implied covenant of good faith and fair dealing of Plaintiff's employment contract.

77. Defendant's breach of the implied covenant of good faith and fair dealing entitles Plaintiff to all actual and consequential damages arising from the said breach.

## COUNT X
### (Violation of G.L. c. 149, § 148)

78. Plaintiff restates, reiterates and re-alleges each and every statement contained in paragraphs 1 through 77 hereof.

79. Defendant has failed to pay Plaintiff compensation earned under the terms of his employment contract within the requirements of G.L. c. 149, § 148.

80. The Office of the Attorney General for the Commonwealth of Massachusetts has authorized Plaintiff to pursue this claim, pursuant to G.L. c. 149, § 150. *See Exhibit C, Authorization for Immediate Private Suit.*

81. Defendant's conduct in this regard entitles Plaintiff to wages owed to him by Defendant, treble damages, attorneys' fees and costs, pursuant to G.L. c. 149, § 150.

WHEREFORE, Plaintiff demands a judgment for any such amounts as to which the court deems Plaintiff entitled, together with punitive damages, treble damages, interest, costs and attorneys' fees.

### Jury Claim

Plaintiff demands a trial by jury.

Respectfully submitted,
Jay Srinivasan, Plaintiff,
By his Attorney,

*[signature]*

Robert H. Flynn (BBO #172900)
Flynn Law Firm, P.C.
27 Mica Lane
Wellesley, MA 02481
(781) 239-1005

Dated: April 25, 2005
Q:\Srinivasan 04012049\Pleading\ cmplt.doc



Case 1:05-cv-10900-GAO   Document 1   Filed 05/03/2005   Page 12 of 17

EEOC Form 161-B (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Jay Srinivasan<br>5 Fox Run Road<br>Medway, MA 02053 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16C-2005-00736 | Rance A. O'Quinn,<br>Enforcement Supervisor | (617) 565-3192 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☐ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Robert L. Sanders,
Area Office Director

APR 6 2005

*(Date Mailed)*

Enclosure(s)

cc: SIEMENS BUSINESS SERVICES, INC.
6 International Drive
Rye Brook, NY 10573

Robert H. Flynn
Flynn Law Firm, PC
Attorneys At Law
27 Mica Lane
Wellesley, MA 02481

# B

**MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION**
ONE ASHBURTON PLACE, ROOM 601 BOSTON, MA 02108
(617) 727-3990

-DISMISSAL and NOTIFICATION of RIGHTS-

APR 2 2 2005

| To: | Jay Srinivasan<br>C/o Attorney Robert Flynn<br>27 Mica Lane<br>Wellesley, MA 02481 | Case: Srinivasan v. Siemens Business Services, Inc.<br>MCAD Docket #: 05-13-00165<br>EEOC No. 16CA500736<br>Investigator: Jeannine Rice |
|---|---|---|

**Your complaint is dismissed for the following reason(s):**

[ ] The facts you allege fail to state a claim under any of the statutes the Commission enforces.

[ ] Respondent employs less than the required number of employees.

[ ] Your complaint was not timely filed with the Commission, i.e. you waited too long after the date(s) of the alleged discrimination to file. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conference, or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your complaint. You have had more than 30 days in which to respond to our written request.

[ ] The Commission's efforts to locate you have been unsuccessful. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The Respondent has made a reasonable settlement, offering full relief for the harm you alleged. 30 days have expired since you received actual notice of this settlement offer.

[ ] The Commission issues the following determination. Based upon the Commission's investigation, the Commission is unable to conclude that the information obtained establishes a violation of the statutes. This does not certify that the Respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this complaint.

[X] Other: Withdrawal to file in court.

All employment complaints, where applicable, were filed by the MCAD with the Equal Employment Opportunity Commission. Our finding, which will be forwarded to its area office, One Congress Street Boston, MA will be given substantial weight provided that such findings are in accordance with the requirements of Title VII of the Civil Rights Act of 1964, the ADEA, and/or the ADA as amended.

Walter J. Sullivan, Jr.
Investigating Commissioner

Date: 4/15/05

Jean Schmidt, Attorney
Brown Rayman
900 Third Avenue
New York, NY 10022





# THE COMMONWEALTH OF MASSACHUSETTS
# OFFICE OF THE ATTORNEY GENERAL

ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

February 2, 2004

Jay Srinivasan
c/o Flynn Law Firm, PC
Robert H. Flynn, Esq.
27 Mica Lane
Wellesley, MA 02481

Re: **Authorization for Immediate Private Suit -Siemens Business Services, Inc.**

Dear Mr. Srinivasan:

Thank you for contacting the Office of the Attorney General's Fair Labor and Business Practices Division.

This letter is to inform you that we have carefully reviewed the complaint filed by you, and have determined that the proper resolution of this matter may be through a private suit in civil court Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws chapter 149, § 150, and chapter 151, §§ 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss of wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151. This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Ronnie A. Cabezas
Inspector
One Ashburton Place
Boston, MA 02108
(617) 727 - 2200, extension 2348

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JAY SRINIVASAN

(b) County of Residence of First Listed Plaintiff  **Norfolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number) (781)239-1005
Robert H. Flynn, Flynn Law Firm, P.C.
27 Mica Lane, Wellesley, MA 02459

### DEFENDANTS
SIEMENS BUSINESS SERVICES

County of Residence of First Listed Defendant  Westchester, New York
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)  05 CV 10900 GAO

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title VII, Civil Rights Act, 42 U.S.C. s 2000e
Brief description of cause:
Employment discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 350,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  04/25/2005
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Jay Srinivasan v. Siemens Business Services, Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☒ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
          740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ☐ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
          690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

   05 - 10900 GAO

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME Robert H. Flynn
ADDRESS Flynn Law Firm, P.C., 27 Mica Lane, Wellesley, MA 02481
TELEPHONE NO. (781) 239-1005

(CategoryForm.wpd - 2/15/05)