UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JAY SRINIVASAN, )
)
Plaintiff )
)
v. ) Civil Action No.: 05-10900-GAO
)
SIEMENS BUSINESS SERVICES, INC., )
)
Defendant )

**ANSWER OF DEFENDANT SIEMENS BUSINESS SERVICES, INC.
TO PLAINTIFF'S COMPLAINT**

For its Answer to Plaintiff's Complaint, Defendant Siemens Business Services, Inc. ("Defendant," "Siemens," or "SBS") responds to the numbered allegations of the Complaint as follows:

1. The allegations contained in Paragraph 1 constitute conclusions of law to which no response is required, except Defendant denies that it caused any damage to Plaintiff and denies that Plaintiff is entitled to relief under the referenced statutes, or to any relief from Defendant.

2. The allegations contained in Paragraph 2 constitute conclusions of law to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to relief under the referenced statutes, or to any relief from Defendant.

3. The allegations contained in Paragraph 3 constitute conclusions of law to which no response is required. To the extent any response is required, Defendant denies that Plaintiff is entitled to relief under the referenced statutes, or to any relief from Defendant.

4. The allegations contained in Paragraph 4 constitute conclusions of law to which no response is required.

5. The allegations contained in Paragraph 5 constitute conclusions of law to which no response is required.

6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 6 of the Complaint, and therefore denies same.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 7 of the Complaint, and therefore denies same.

8. Defendant denies the allegations set forth in Paragraph 8 of the Complaint.

9. The allegation contained in Paragraph 9 constitutes a conclusion of law to which no response is required.

10. Defendant denies the allegations set forth in Paragraph 10 of the Complaint, except states that the allegation that venue is proper in the District of Massachusetts constitutes a conclusion of law to which no response is required.

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint, except states that the allegation that venue is proper in the District of Massachusetts constitutes a conclusion of law to which no response is required.

12. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 12 of the Complaint, and therefore denies same.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint, except admits that it is a Delaware corporation and that Corporation Service Company, 84 State Street, Boston, Massachusetts, is its registered agent for service of process.

## FACTUAL ALLEGATIONS

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint, except admits that SBS hired Plaintiff as SAP Project Manager IV beginning May 18, 2004.

15. Defendant denies the allegations set forth in Paragraph 15 of the Complaint, except admits that Plaintiff was hired by John Gerah of SBS to work for Stephen Bogart of SBS.

16. Defendant denies the allegations set forth in Paragraph 16 of the Complaint, except admits that Plaintiff's immediate superior while employed by Defendant was Stephen Bogart of SBS.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint, except admits that at one time Mr. Bogart reported to Shawn O'Grady of SBS.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

19. Defendant denies the allegations set forth in Paragraph 19 of the Complaint, except admits that Plaintiff was assigned to work on a project for Enterasys, where William O'Connell was one of Plaintiff's contacts.

20. Defendant denies the allegations set forth in Paragraph 20 of the Complaint

21. Defendant denies the allegations set forth in Paragraph 21 of the Complaint, except admits that in or about mid-October, 2004 through November 29, 2004, Plaintiff was assigned to a project at 3 Com, where Jorge Tobargo was one of Plaintiff's contacts.

22. Defendant denies the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint, except admits that on November 30, 2004, Stephen Bogart advised Plaintiff that he was being laid off effective December 1, 2004.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

### COUNT I (VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT)

30. As to Paragraph 30 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 29 of the Complaint as if fully set forth at length herein.

31. Defendant admits the allegation set forth in Paragraph 31 of the Complaint.

32. Defendant denies each and every allegation set forth in Paragraph 32 of the Complaint.

33. Defendant denies each and every allegation set forth in Paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 34 of the Complaint, and therefore denies same.

35. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 35 of the Complaint, or to any relief against Defendant.

### COUNT II (PUNITIVE DAMAGES)

36. As to Paragraph 36 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 35 of the Complaint as if fully set forth at length herein.

37. Defendant admits the allegation set forth in Paragraph 37 of the Complaint.

- 5 -

38.  Defendant denies each and every allegation set forth in Paragraph 38 of the Complaint.

39.  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 39 of the Complaint, or to any relief against Defendant.

### COUNT III (VIOLATION OF 29 U.S.C. §623(a)(1))

40.  As to Paragraph 40 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 39 of the Complaint as if fully set forth at length herein.

41.  Defendant admits the allegation set forth in Paragraph 41 of the Complaint.

42.  Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43.  Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44.  Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45.  Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

46.  Defendant denies the allegations set forth in Paragraph 46 of the Complaint.

47.  Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation set forth in Paragraph 47 of the Complaint, and therefore denies same.

48.  Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 48 of the Complaint, or to any relief against Defendant.

### COUNT IV (LIQUIDATED DAMAGES)

49.  As to Paragraph 49 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 48 of the Complaint as if fully set forth at length herein.

50.  Defendant denies the allegations set forth in Paragraph 50 of the Complaint.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint and denies that Plaintiff is entitled to the relief requested in Paragraph 51, or to any relief against Defendant.

## COUNT V (VIOLATION OF G.L.C. 151B §4)

52. As to Paragraph 52 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 51 of the Complaint as if fully set forth at length herein.

53. Defendant admits the allegation set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

56. Defendant denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 58 of the Complaint, and therefore denies same.

59. Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 59 of the Complaint, or to any relief against Defendant.

## COUNT VI (MULTIPLE DAMAGES)

60. As to Paragraph 60 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 59 of the Complaint as if fully set forth at length herein.

61. Defendant denies each and every allegation set forth in Paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in Paragraph 62 of the Complaint and denies that Plaintiff is entitled to the relief requested in Paragraph 62, or to any relief against Defendant.

### COUNT VII (BREACH OF CONTRACT)

63. As to Paragraph 63 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 62 of the Complaint as if fully set forth at length herein.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint, except admits that Plaintiff accepted Defendant's offer to become employed with Defendant as an at-will employee.

65. Defendant denies each and every allegation set forth in Paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint and denies that Plaintiff is entitled to the relief requested in Paragraph 66, or to any relief against Defendant.

### COUNT VIII (WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY)

67. As to Paragraph 67 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 66 of the Complaint as if fully set forth at length herein.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

71. Defendant denies the allegations set forth in Paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in Paragraph 72 of the Complaint, and denies that Plaintiff is entitled to the relief requested in Paragraph 72, or to any relief against Defendant.

### COUNT IX (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

73. As to Paragraph 73 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 72 of the Complaint as if fully set forth at length herein.

74. Defendant denies the allegations set forth in Paragraph 74 of the Complaint, and denies that Plaintiff is entitled to the relief requested in Paragraph 74, or to any relief against Defendant.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

76. Defendant denies the allegations set forth in Paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth in Paragraph 77 of the Complaint, and denies that Plaintiff is entitled to the relief requested in Paragraph 77, or to any relief against Defendant.

### COUNT X (VIOLATION OF G.L.C. 149 §148)

78. As to Paragraph 78 of the Complaint, Defendant repeats and realleges its responses to each and every allegation set forth in Paragraphs 1 to 77 of the Complaint as if fully set forth at length herein.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80. Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in Paragraph 80 of the Complaint, and therefore denies same.

81. Defendant denies the allegations set forth in Paragraph 81 of the Complaint, and denies that Plaintiff is entitled to the relief requested in Paragraph 81, or to any relief against Defendant.

82. Defendant denies that Plaintiff is entitled to the relief requested in the "WHEREFORE" clause, or to any relief against Defendant.

## DEFENSES TO THE COMPLAINT

### FIRST DEFENSE

83. The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

84. The claims in the Complaint are barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

85. Any and all actions taken by Defendant with respect to Plaintiff were based on legitimate, non-discriminatory factors, and were made in good faith and in compliance with all applicable laws, without malice, and wholly without regard for Plaintiff's national origin, color, race, age, religion or other allegedly protected status, and Defendant had reasonable grounds for believing that such alleged acts were not unlawful.

### FOURTH DEFENSE

86. The Complaint's claims are barred, in whole or in part, by the exclusive remedy provisions of the Massachusetts Workers' Compensation Law.

**FIFTH DEFENSE**

87. All decisions made by Defendant with respect to Plaintiff and all actions taken with respect to his employment were made without malice, ill will, fraud, oppression or any other improper motive.

**SIXTH DEFENSE**

88. Plaintiff fails to state facts sufficient to support an award of punitive damages against Defendant.

**SEVENTH DEFENSE**

89. Upon information and belief, Plaintiff has sustained no damages and/or has failed to mitigate his damages.

**EIGHTH DEFENSE**

90. The alleged acts and omissions giving rise to the claims in the Complaint under the Age Discrimination in Employment Act were done or made in good faith, and Defendant had reasonable grounds for believing that such alleged acts and omissions were not a violation of said statute and were not willful, and therefore liquidated damages pursuant to 29 U.S.C. §626 are barred.

**NINTH DEFENSE**

91. Plaintiff was employed at will by Defendant, and his employment relationship was subject to termination by Defendant with or without cause, at any time.

**TENTH DEFENSE**

92. Defendant did not have any policy or make any oral or written representations, assurances, promises or other statements which would justify or support any expectation by Plaintiff of continued employment with discharge only for good cause.

## ELEVENTH DEFENSE

93.     Defendant did not expressly or impliedly agree with Plaintiff to exercise good faith and fair dealing, and Defendant was not bound by any such express or implied agreement.

## TWELFTH DEFENSE

94.     Assuming, arguendo, that an implied covenant of good faith and fair dealing existed between Plaintiff and Defendant, Defendant fully complied with its obligations thereunder.

## THIRTEENTH DEFENSE

95.     Plaintiff's claims are barred to the extent that he failed to exhaust his administrative remedies for some or all of his claims and failed to satisfy the prerequisites for the commencement of this action.

## FOURTEENTH DEFENSE

96.     Plaintiff has been paid in full for his services, and no further monies are due him.

## FIFTEENTH DEFENSE

97.     Plaintiff's Complaint and each claim set forth therein are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

## SIXTEENTH DEFENSE

98.     Plaintiff's claims for vacation benefits, including but not limited to Plaintiff's claim for breach of contract (Count VII), claim for breach of implied covenant of good faith and fair dealing (Count IX), and claim for violation of Massachusetts General Laws chapter 149 §148 (Count X), are all preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. and §1144(a). Accordingly, those claims must be dismissed with prejudice as a matter of law.

## SEVENTEENTH DEFENSE

99. Plaintiff's claims for vacation benefits are employee benefit claims governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, and Plaintiff must first exhaust the administrative claims procedure of the employee benefit plan before he can seek relief in court with respect to those claims. Plaintiff has failed to exhaust his administrative remedies under the employee benefit plan, and, accordingly, Plaintiff's claims for those benefits must be dismissed for failure to exhaust the ERISA administrative claims procedure.

## EIGHTEENTH DEFENSE

100. Plaintiff's demand for jury trial must be struck with respect to Plaintiff's claims for vacation pay because those claims are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 *et seq.*, for which a jury trial is not available.

## NINETEENTH DEFENSE

101. As Plaintiff's claims are without merit, Defendant should recover all costs and attorneys' fees incurred herein.

## PRAYERS FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1. That the Court dismiss Plaintiff's Complaint in its entirety, with prejudice;

2. That the Court order Plaintiff take nothing by his action against Defendant;

3. That Defendant be awarded the costs and reasonable attorneys' fees it has incurred in defending against this action; and

4. That Defendant be awarded such other, further relief as the Court deems just and proper.

Defendant
SIEMENS BUSINESS SERVICES, INC.
By its attorney,

/s/ Michael G. Tracy

Michael G. Tracy
BBO No.: 501320
RUDOLPH FRIEDMANN LLP
92 State Street
Boston, MA 02109
(617) 371-4322
mtracy@rflawyers.com

Jean L. Schmidt
Motion for *Pro Hac Vice* admission pending
BROWN RAYSMAN MILLSTEIN FELDER
& STEINER LLP
900 Third Avenue
New York, NY 10022
(212) 895-2390

Dated: June 27, 2005

CERTIFICATE OF SERVICE

I, Michael G. Tracy, hereby certify that on the 27th day of June 2005, I made service of the foregoing answer of defendant Siemens Business Services, Inc. to plaintiff's complaint by causing a copy thereof to be transmitted by first-class mail, postage prepaid, to the office of each of the following:

Robert H. Flynn, Esq.
Flynn Law Firm, P.C.
27 Mica Lane
Wellesley, MA  02481

Jean L. Schmidt, Esq.
Brown Raysman Millstein Felder & Steiner LLP
900 Third Avenue
New York, NY  10022

_____
Michael G. Tracy